UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States of America, §
§
Plaintiff, §
§
versus § Criminal Action H-19-113
§
Manuel Antonio Fuentes-Murillo, §
§
Defendant. §

## Opinion Denying Dismissal

1. *Introduction.*

Manuel Antonio Fuentes-Murillo moves to dismiss the indictment by (1) claiming that the immigration court lacked subject jurisdiction in his removal proceeding and (2) collaterally attacking his removal order. Both attempts are unsuccessful.

2. *Jurisdiction.*

Fuentes-Murillo relies on *Pereira* to assert that the immigration court did not have subject jurisdiction because the notice-to-appear at the removal proceeding did not specify its date and time.[1] This case differs from *Pereira*, where a different authority governed the requirements for a notice-to-appear and it was a different type of proceeding.[2] Here, the notice-to-appear did not need to specify a date and time; their omission does not divest the immigration court of its jurisdiction.[3]

---

[1] *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

[2] *Id.* at 2109-12; *see also Mauricio-Benitez v. Sessions*, 2018 WL 5839696 at *5 n.1 (5th Cir., Nov. 8, 2018).

[3] *See United States v. Morales-Hernandez*, 2018 U.S. Dist. LEXIS 159754 (D. Ariz., Sept. 14, 2018).

3. *Collateral Attack.*

Fuentes-Murillo seeks to collaterally attack his removal order by moving to dismiss the indictment, but he has not met the requirements.

To successfully collaterally attack his removal order, Fuentes-Murillo must show that (1) he exhausted his administrative remedies prior to collaterally attacking his removal order in this proceeding; (2) the removal proceeding deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.[4] Fuentes-Murillo has met none of these requirements.

Fuentes-Murillo does not claim to have exhausted his administrative remedies, but rather that he was not required to because the immigration proceeding was void. As addressed, this argument fails.

Fuentes-Murillo also does not try to show that his removal proceeding improperly deprived him of the opportunity for judicial review – nor could he. He signed the notice-to-appear and did not take his opportunity to challenge the removal order from that hearing.

Finally, the immigration court's entry of the removal order was not fundamentally unfair. Fuentes-Murillo asserts that it was fundamentally unfair because the notice-to-appear was defective and the immigration court lacked jurisdiction. The notice's lack of a date and time did not eviscerate the hearing's fundamental fairness. Fundamental unfairness requires that Fuentes-Murillo be actually prejudiced – that, but-for the errors, he would not have been deported. But he never challenged the removal order, and therefore cannot show prejudice.

As Fuentes-Murillo has met none of the three prerequisites, he is barred from collaterally attacking the removal order.

4. *Conclusion.*

Fuentes-Murillo was validly ordered removed from the United States by an immigration court that had subject jurisdiction over the proceedings. The removal order did not violate his due process rights. Further, he cannot collaterally attack the order.

---

[4] 8 U.S.C. § 1326(d).

The motion to dismiss the indictment is denied. (14) The court may consider a motion to stay pending administrative exhaustion.

Signed on ~~July~~ Aug. 1, 2019, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge